Good morning. May it please this Honorable Court, my name is Osvaldo Fumo and I represent Mr. John Ware. Justices, not all banks are FDIC insured. To be convicted of 18 United States Code 2113A, the government must prove each and every element beyond reasonable doubt. And in this case, the proof of FDIC insurance, which is required, was not met. That burden was not met. And it can't be just inferred or supposed by a jury. It has to be proved to the jury beyond a reasonable doubt. Because it was not clearly proved in this case, I think it should be reversed. Well, you can, the government can prove its case by circumstantial evidence, by inference. And that's true, Justice. But like I said, not all banks are FDIC insured. And what you have in the case of John Ware is in 1995, two First Interstate banks were robbed. Two different bank tellers testified as to their respective robberies. And what happened in the first one, Ray Bass testified that she was working at the bank on this day, and when the question came up about is the bank FDIC insured, not only was it presented to her in the present tense, but her response is, well, all banks are FDIC insured. And that's an assumption that's not correct. And the jury, I believe, based its conviction. Well, didn't she testify that she was employed at the bank at the time of the robbery? Absolutely, she did. And didn't she testify that, I'm not sure if it was her or the other witness from the other robbery, who testified that there was a notice posted in the bank? And that's another point. Then all this takes place, this trial takes place just about five months. After the trial. Almost to the day. It was kind of funny. It was almost to the day. Five months from the date of the robbery. What both of these tellers testified to, they had no more knowledge about FDIC insurance than any layperson walking into the bank. Like I said, this Ray Bass, the first one testifies wrongly that all banks are FDIC insured, and that's not the case. The other one testifies that the bank is insured because she sees a sign that's posted there that assumes that it is. And it's focused to her in the present tense, but it doesn't talk about at the time of the robbery. Now, it is a good point, and the government spends a lot of time saying, well, this happened so close in time that we can infer that because she testified that the bank, in their belief, was FDIC insured. Well, let me ask you this. What if she had just testified as the teller, you know, just the teller who was, you know, who confronted the robber? What if she just said at the time of the robbery, the bank was insured? I don't think that's enough. That's not enough either? I don't think so. So what do they have to do? Bring in sort of a mucky-muck from the bank and bring the certificate and say. Either the certificate or in other cases where they would go down the list and say, do you know the federal insurance deposit number? Some people even know we're insured by the Federal Deposit Insurance Corporation because we have a number. We know that we're insured by the Federal Deposit Insurance Corporation because after the bank is robbed, we have procedures. We call the FBI because not all banks are insured by the FDIC. This assumption. What if the government were to ask the court to take judicial notice of the FDIC number? I think it has to be. Would that be enough? I don't think. I think it would have to show to the jury. It's one of the elements that must be proved beyond a reasonable doubt. But what if they stood up in front of the judge and said, I want you to take judicial notice of the FDIC number? Here it is. If that was a stipulation that was presented to the court and at the time of submitting it to the jury, the judge informed the jury that by stipulation we have the FDIC insurance as a number. Therefore, that element of this crime has been met. I think that would be one thing. Here you don't even have it. It doesn't even rise to that level. Well, but certain evidence, if it comes in and it's not objected to, and, you know, and as I guess it turns out here, these are FDIC banks. It's not a question where you've put on proof since that they were not in fact. And so that's not wrong, correct? I would submit to your justice that I believe at the time they probably were. But that wasn't clear. Well, I know. But, I mean, obviously you would put evidence before the court if, you know, if someone came forward and that they were not in fact, then it wouldn't be possible that he could be convicted of that offense. So it's not an issue of factual innocence or something along those lines. But the quality of the evidence that comes in, you know, if a person says, let's say they said, well, the teller testified at the time that this, yes, it was federally insured. And there's no objection. Well, there's a difference whether there would be a, if there had been an objection, the court said, well, you're right, I want you to bring something else in, then you haven't proven that. But where the attorney lets it go and the person says that, and they work that, yeah, it might be hearsay or whatever. But once hearsay comes in, it's still evidence, right? That's what I was going to say. Just because his trial counsel fell asleep, this man should not be convicted on hearsay evidence. And it was hearsay evidence. And I think the judge at the time, the district court judge. What about, yeah, but that would be the same thing. I mean, if this was, in fact, an FDIC bank, and trial counsel knows that and knows that he can't prove that it wasn't, and so when the person says that, that counsel chooses, say they choose to stipulate. That doesn't make them ineffective. Well, in the James case, I think it was counsel did stipulate that the bank was FDIC-insured at a time of robbery, and the Ninth Circuit overturned that because it wasn't even presented to the jury as a stipulation. And I think that without that evidence. Well, then there's no evidence. Then there's no evidence. There's no evidence. Correct. But so we're kind of talking, you know, I mean, you have to go with what it is. And, I mean, it seems to me that your best argument would be that the LA cases and the Allen cases state a bright line. If you would argue they would state a bright line rule, that present testimony is never enough. Absolutely. And in the Allen case. But obviously the facts aren't exactly the same, so we have to look and see. Is it, you know, do we say that that's precedent and it's controlling, or can we look at other things? And here it seems to me there are, you could argue that there's a less time between the time of the robbery and the present tense. There's the testimony that all banks are FDIC-insured, and I think that there are also federal agents that testify, and you can make sort of a jurisdictional argument about that. I think in looking at the Allen case, if you look at it under the totality, I think what they look at is actually three factors, one of which being the name of the bank. If the name of the bank, say, assumed federal insurance, if it was First Federal Bank of Nevada or something, this was First Interstate, and I would say that the name in the bank, to most jurors, wouldn't even occur. Here, didn't they have signs posted in there? She said there were signs posted in there that say this is a federally insured bank, it's right over there or something. Wasn't that part of the testimony in the trial, too? One of the witnesses, I think, as to the second robbery said she, and it's an assumption on her part, she thinks that they're FDIC-insured because there's a sign posted. She couldn't say where. She couldn't say if there is a number attached to it. It's just a sign that any layperson walking into a bank would assume that they've seen 100 times. I don't think that rises to that level. And I think the time frame, even though it was phrased in the question, is your bank federally insured, the time frame isn't even enough because these two witnesses, and they were the only witnesses presented to this jury to give any information about FDIC insurance, testified to it as in the present tense, not just, and one of them didn't even know. One of them just assumed and wrongly assumed all banks are FDIC-insured. The third prong or the third thing I think the Allen court looked at was the, any other evidence that corroborate that with it. You know, if one of the other witnesses came in and said, well, there is an FDIC insurance number, or one of the tellers had testified to, this is what we do in the case of a robbery. We call the FBI because it's a federally insured bank. I think that, with the short time frame, with maybe the name, might have been enough. But here we don't have any of those three. You have two witnesses that are testifying that they're almost assuming, one of them even says it, all banks are federally insured. Because of that, I think the error presented to the jury was not harmless, but rather fundamental error, and his conviction here should be overturned. I would hope. All those cases came to us on direct appeal. This is a habeas case. So, you know, in Allen, there was a motion for judgment of acquittal at the conclusion of the evidence. Here, nothing happened during trial. So you have the additional burden, I think, in this case. You're coming to us on habeas, which may end up to be an ineffective assistance claim later. But it's pretty tough to challenge the foundational sufficiency of the evidence on habeas review, I think. I believe that was enough. I'll sum up, and if I could reserve the last minute for it. All right. Thank you. Good morning. Please, the Court. I'm Robert Bork representing the United States from the District of Nevada. As the Court has already noted, the position of the government now is that this evidence of FDIC insurance was proven circumstantially in the case. Actually, both tellers mentioned that it was posted. One of them really said it's posted. The other said it's listed in the bank. It's posted. So both witnesses said it was posted. And even though they said it was, the answer to the question about insurance was framed in the present tense, both witnesses were first asked about were you employed in the date of the robbery, October 17 to one, October 20 to the other. Were you working that day? What's the location? And then they were asked the insurance question. Additionally, we had the only law enforcement officers testifying were FBI agents. One testified that he's in the bank robbery. He's a bank robbery coordinator for the Las Vegas division, talked about investigating bank robberies as part of their duties. Why do you think that's enough? I mean, I find that an incredible stretch to say just because we had Federal agents testifying, the jury should infer that there was Federal insurance involved. I mean, that's a big leap, isn't it? Well, as the Court in Allen noted, if the word Federal is somehow attached to the bank, then that could lead the jury to infer the Federal insurance. And my position is the Federal Bureau of Investigation, everyone knows that's a national law enforcement investigation agency. It's not a local agency. There were no sheriff's officers or police that testified, and they talked about it. It's not an insurance agency, though. I'm sorry, sir? It's not an insurance agency. True. It's not. I'm just saying it's part of the factors. So, I mean, are we to presume that there's Federal jurisdiction every time the FBI testifies? No. But when it's a bank robbery and the question of FDIC insurance is in play, I think that their term of Federal Bureau of Investigation is appropriate to be considered by the Court. The Court has already mentioned the various exceptions to there is no bright-line rule that requires that a conviction be reversed, especially on 2055 if there is a failure to do so. Well, I mean, clearly you can't – this is not model prosecution. Not even close, I agree. I hope that people wouldn't go, whether you prevail or not, would go about teaching, saying, well, let's just see how far we can go and see if six months is good enough or five months or two years or – I'm fairly certain that was not the case. No one was playing a game here. There was a clear mistake, but I think it was an honest mistake, and it's one that, given all the circumstances, as all the case law talks about – You know, the problem is, though, I would say about every year that I've been on the bench, there's at least one case where somebody fails to prove Federal insurance, or at least there's an allegation of that. And mostly they make the same arguments that you do, that, you know, this was an anomaly. You know, there's no bad faith. It was Federally insured. And generally people ask the questions of Judge Callahan and say, look, if this wasn't model prosecution, you'd do better in the future. And they say, yes, we are. And yet we hear it year after year. So it's awfully hard to say, maybe we shouldn't just start creating more bright-line rules so that people take it seriously. They've got to prove this, otherwise you have no Federal jurisdiction. I mean, it's not just a nicety. This is what gives you Federal jurisdiction over this crime. Absolutely. But I think to do that, for example, in this case, would be inconsistent with the Allen decision. All the testimony in the Allen decision was at one point a witness was asked whether or not the bank had to do certain requirements because they were Federally insured, and then the only other evidence were two documents that had apparently stamped on them, or as a logo said, Member FDIC. And I think the evidence there is less than we have here. When we combine the context of the testimony, the fact that the Federal Bureau of Investigation interviewed the witnesses and testified, I think that that is sufficient to meet the Allen standard. And so I would argue in this particular case that that would not be consistent with that decision. I'll be honest. I had done bank robbery cases. I had never seen this before. I've read the cases. I've seen, I think it was the Seventh Circuit in particular, literally wringing their hands, complaining about the, this mistake being very foolish. And I don't disagree with that at all. But the issue here is, was the defendant given a fair trial? Not a perfect trial, but a fair trial. And he was. As pointed out in my brief, the evidence in this case was literally overwhelming. There's no hint at all this defendant was innocent of these bank robberies. Not only was there testimony by the tellers who both identified him in a photo lineup and at trial, but, of course, his then-girlfriend or friend testified about being at both robberies, about the defendant telling her he committed the robberies, et cetera. So this is the kind of case that I don't think needs to go outside the Allen parameter. If a line should be drawn in the sand, it certainly can be drawn right after a decision affirming this case. And if the Court wanted to do that, of course, I would applaud it. Roberts. Well, this is a, as Judge Thomas pointed out, this is a 2255. Correct. Does that make a difference? Well, twice. Just procedurally? Procedurally, it's twice removed. And as I pointed out, if this matter was ever brought up appropriately at a motion of acquittal, then, of course, the case law is clear. The government could have opened to remove it. It would have opened the evidence in and brought in this technical evidence. And we wouldn't be here today. There would be no problem with this case. So I think that there should have been an objection. Well, the government didn't raise procedural default in front of the district  Correct. Another oversight. Could be. Well, don't --"could be." It's in the record here. Well, he raised it in the context of ineffective assistance of counsel, and I think that allows the Court to review that, and that was the context I was looking at it in terms of the decision I made to answer the motion. If the Court has no further questions. Thank you. Chief Rebuttal. You've got about a minute. Okay. The case is here to be submitted. Thank you both for your arguments. The case of Global Innovations v. ALS Scan is submitted on the briefs and will proceed to the argument of McAdoo v. Castro. Good morning, Your Honor. Suzanne Loubin from Mr. McAdoo, the Petitioner here. During this case, I'm sorry.
judges: Thomas, Paez, Callahan